

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/2/2025
```

Littler Mendelson, P.C.
900 Third Avenue
New York, NY  10022.3298

Miguel A. Lopez
212.471.4482 direct
212.583.9600 main
MALopez@littler.com

# MEMO ENDORSED

July 2, 2025

> Bay Street must serve a copy of this letter-motion (and exhibits) on the Former Employees, and provide proof of service of the same. The Former Employees' response is due in accordance with Moses Indiv. Prac. § 2(e), within three court days of service of the letter-motion on them. SO ORDERED.
>
> _____
> Barbara Moses, U.S.M.J.
> July 2, 2025

**VIA ECF**

The Honorable Barbara Moses
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Bay Street Advisors, LLC v. Kevin P. Mahoney* Case No. 24-cv-09139 (RA)

Dear Judge Moses:

Pursuant to Local Rule 37.2 and Rule 2(b) of Your Honor's Individual Practices, Plaintiff/Counterclaim Defendant Bay Street Advisors, LLC ("BSA") respectfully submits this request for a pre-motion discovery conference to address deficiencies with Zachary Brenneman, Joshua Robinson, and Susan Yie's (collectively, "Former Employees") responses to the subpoenas duces tecum. The deficiencies are briefly described below. The undersigned certifies that counsel for BSA conferred with counsel for the Former Employees by telephone on June 4, 2025. The conference lasted approximately half an hour.

The Former Employees have produced only *two* documents in response to BSA's fourteen document requests, and have offered nothing more than a handful of general objections to explain why they have failed to comply with the subpoenas. The Former Employees' objections and responses, which the Former Employees amended following the parties' meet and confer, are attached as **Exhibit 1**.[1] BSA outlines the primary deficiencies below.

The Former Employees object to several requests because the documents requested are not "uniquely" within their possession, custody, or control. This is a not a valid objection. The Former Employees' contention that they "understand[] that such documents …if any, are in the possession, custody, and control of CZP and are being produced by CZP" does not excuse the Former Employees' non-compliance, nor does it show the request was overbroad or unduly burdensome.

---

[1] The Former Employees submitted substantially identical responses to each request.

*See* Fed. R. Civ. P. 45(d). *See United States v. Morgan*, 2023 WL 2503253, at *3 (D. Conn., Mar. 14, 2023). Plaintiff has provided no other explanation for why such requests are overbroad or unduly burdensome, nor how the request is unduly burdensome if the Former Employees already "conduct[ed] a reasonable search." As in *United States v. Morgan*, the Former Employees "do[] not state with specificity why the subpoenaed information is burdensome and simply relies on boilerplate objections, which are insufficient to defeat a subpoena." *Id.* BSA respectfully requests that the Court compel the Former Employees to produce any such communications and documents.

For several Requests, including Nos. 5, 6, 7, 13-14, the Former Employees object to producing documentation, in part, because the Requests "call for the production of materials protected by the attorney-client privilege or the work product doctrine." To the extent the Former Employees are withholding any documents because they are privileged, the Former Employees must produce a privilege log identifying each document withheld. To date, they have not stated whether they are withholding documentation on this basis.

**Specific Deficiencies in the Former Employees' Objections and Responses**

**Request Nos. 2, 3, and 4:** These requests seek documents and communications about the Former Employees and Mahoney's prospective employment with, or recruitment by, CZP, as well as the Former Employees' plans or intentions to leave BSA for any other employer. Following the parties' meet and confer, the Former Employees supplemented their responses to state that they have searched for relevant documentation but have no relevant documents "uniquely" within their possession, custody, or control responsive to this Request, and that the Former Employees understand that documents are being produced by CZP. That another *non-party* may also have documents responsive to these Requests is not a valid basis for withholding documents. The circumstances of the Former Employees' decision to leave BSA and join CZP are highly relevant to the question of whether Mr. Mahoney's solicitation of the Former Employees was the proximate cause for their decision to join CZP. We know from Mahoney's RFA responses that Mahoney communicated with the Former Employees about their CZP offers before they accepted the same. *See* **Exhibit 2**. There is no basis for withholding communications (including text messages and personal emails) responsive to these Requests to the extent they were between the Former Employees and any person other than Mahoney. Finally, it is not unreasonable to ask the Former Employees for their communications with Mahoney, even if they may be duplicative of documents possessed by Mahoney, given the centrality of those documents to BSA's solicitation claims and the fact that Mahoney has so far resisted producing the same. *See Amphenol Corp. v. Fractus, S.A.*, 2019 WL 2521300 (S.D.N.Y. June 19, 2019); *see also Frazier v. Morgan Stanley & Co.*, 2021 WL 2709250 (S.D.N.Y. July 1, 2021) (Sullivan, C.J.).

**Request Nos. 5 and 6:** These requests seek documents and communications between the Former Employees and Mahoney about the Resignation Transition Plan and Agreement through the date of its execution by Mahoney and BSA. In response, the Former Employees interposed boilerplate objections without. providing meaningful explanation for its objections. As one example, the Former Employees objections that the request is vague and ambiguous about the term "Resignation Transition Plan and Agreement … that purportedly exists between Plaintiff and Defendant" is disingenuous, given that they are specifically named in the Transition Agreement and spent months working on the searches set forth in the Agreement.

**Requests No. 7:** This Request seeks documents and communications between Former Employee and Mahoney about any client with whom Mahoney worked while employed by BSA from date of his resignation through June 30, 2024, other than in connection with work performed under the Transition Agreement. The Former Employees again interposed boilerplate objections. The Former Employees have also failed to show what could be unduly burdensome about a request for communications over a three-month period. Communications the Former Employees had with clients with whom Mahoney worked while employed by BSA are relevant to BSA's claim that Mr. Mahoney breached his customer non-solicitation obligations. We know from CZP's production that Mahoney discussed with Robinson and Brenneman soliciting at least one covered client during the restricted period. *See* **Exhibit 3** and **Exhibit 4**. Mahoney, however, has improperly withheld this document. It stands to reason that he is also improperly withholding personal communications with each of the Former Employees. Given Mahoney's delinquency, BSA respectfully requests that the Court compel Former Employees to produce responsive documents, or produce a log identifying the documents being held on the basis of this objection.

**Request No. 9:** This request seeks all BSA documents in the Former Employees' possession, custody, or control, including, but not limited to, market maps, market intelligence studies, status reports, and pitchbooks. In their supplemental responses, Former Employees objected to this request because they had no documents "uniquely" within its possession. This is not a proper objection. ***First***, each of the Former Employees is contractually obligated to return to BSA any BSA records in its possession following each employee's separation from employment. *See* **Exhibit 5,** Offer Letter § 8, Confidentiality § 4; **Exhibit 6** (same); **Exhibit 7** (same). ***Second***, irrespective of whether BSA retains copies of documents responsive to this Request, the Former Employees' possession of same is relevant to BSA's claim that Mahoney misappropriated BSA's work product for use by himself and his team (the Former Employees) at CZP. We know from CZP's production of at least one instance in which Mahoney sent an April 18, 2023 Search Status Report (BSA work product), to Robinson, Yie, and three other CZP employees. *See* **Exhibit 8**. Given Mahoney's delinquency, BSA respectfully requests that the Court compel the Former Employees to produce responsive documents, or produce a log identifying the documents being held on the basis of this objection.

Finally, while the Former Employees appeal to their status as individual non-parties, it is important to note that they stand to benefit materially benefit from Mahoney's misconduct (*i.e.*, his solicitation of them and of BSA clients during his restricted period, and of his retention and/or misappropriation of BSA work product). Under these circumstances, and in light of their own contractual obligations to BSA, it would be inequitable to sustain Former Employees' objection that is burdensome for them to comply with discovery requests better directed to their benefactor.

We thank the Court for its time and attention to these matters.

Respectfully submitted,

*/s/ Miguel A. Lopez*

Miguel A. Lopez

cc: All Counsel of Record via ECF