UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAY STREET ADVISORS, LLC,

          Plaintiff,

-against-

KEVIN P. MAHONEY,

          Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/1/26
```

24-CV-9139 (RA) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed at today's discovery conference:

The April 24, 2026 letter-motion (Dkt. 113) filed by plaintiff Bay Street Advisors, LLC ("BSA") to compel discovery from non-party Christoph Zeiss Partners ("CZP") in response to various subpoenas is GRANTED to the extent that:

1.    <u>BSA Subpoena # 1, Request No. 9</u>: No later than **June 8, 2025**, CZP must produce "[d]ocuments sufficient to show all commissions or other incentive compensation paid to Mahoney," through December 31, 2025, "in connection with work performed at CZP for" the twelve clients listed in Request No. 9. (*See* Dkt. 113 at 2.) CZP need *not* produce comparable documents for former BSA employees Joshua P. Robinson, Susan Yie, and Zachary Brenneman (the Former Employees).

2.    <u>BSA Subpoena # 2, Request No. 4</u>: No later than **June 8, 2026**, CZP must respond to Request No. 4 contained within BSA Subpoena #2, by (a) producing "[d]ocuments sufficient to show the CZP's agreements with, work performed for, and revenue received from . . . (i) Ardonagh Group; (ii) Blue Owl Capital; (iii) BNP; (iv) KKR; (v) MSIM; (vi) Blackstone; (vii) Standard Charted Bank; (viii) BTIG; (ix) Carlyle; (x) Apollo; (xi) Incline; (xii) Stone Point Capital" (Dkt. 113 at 2), and/or (b) serving written objections in accordance with Fed. R. Civ.

P. 45(d)(2)(B). The Court notes that, for purposes of this motion (and with the agreement of BSA and CZP) the Court treats BSA's Subpoena #2 as if it were served on CZP on March 19, 2026, at the expiration of the mediation-related stay imposed on January 12, 2026 (*see* Dkt. 103), but finds that CZP has not, to date, waived its objection rights pursuant to Rule 45(d)(2)(B) or otherwise.

3. Deposition of S. John Kim: No later than **June 30, 2026**, on a date reasonably convenient to the parties, CZP, and the witness, CZP must make Mr. Kim available for deposition.

The March 31, 2026 letter-motion (Dkts. 108, 109) filed by defendant and counterclaim plaintiff Kevin P. Mahoney to compel discovery from BSA is GRANTED IN PART AND DENIED IN PART, as follows:

4. RFP No. 1: Mahoney's Request for Production (RFP) No. 1 asked BSA to produce "[a]ll Documents and Communications concerning the 'Confidential Information and trade secrets' You allege Mr. Mahoney 'routinely created and saved . . . locally on his BSA-issued laptop' (as alleged in Paragraph 34 of the Complaint), and which You allege constitute work-product, Confidential Information, or Trade Secrets that Mr. Mahoney 'misappropriated,' 'exfiltrated' or 'deleted' prior to his departure from BSA." (*See* Dkt. 49-2 at 3.) On July 11, 2025, in response RFP No. 1, this Court ordered BSA to "search for and produce (or log) all documents responsive to this request as narrowed during the conference, that is: (a) limited to documents created or worked on by BSA during the period January 2024 – February 2025, for the agreed-upon list of BSA clients, and (b) limited to documents stored in the BSA email accounts of defendant and the Former Employees, the BSA Google Sheets

drive, the hard drives of the Former Employees' BSA laptops, and/or the folder(s) in the BSA K drive where the data from those hard drives was preserved." (*See* Dkt. 67 at 2.) BSA has not yet fully complied with this Court's July 11, 2025 order. It represents that it has *produced* all documents on its "K-drive log" that "fall[] within the parameters set by the Court," (Dkt. 110 at 2); that is, documents that were "created or worked on by BSA during the period January 2024 – February 2025, for the agreed-upon list of BSA clients" and "stored in the BSA email accounts of defendant and the Former Employees, the BSA Google Sheets drive, the hard drives of the Former Employees' BSA laptops, and/or the folder(s) in the BSA K drive where the data from those hard drives was preserved." However, BSA has not yet *identified* which of those documents is responsive to RFP No. 1; that is, which documents "constitute work-product, Confidential Information, or Trade Secrets that Mr. Mahoney 'misappropriated,' 'exfiltrated' or 'deleted' prior to his departure from BSA." BSA must do so no later than **June 5, 2026**.

5.    RFP No. 3: No later than **July 1, 2026**, BSA must all produce communications to or from Mahoney and/or the Former Employees from March 1, 2023 through February 29, 2024, regarding the financial condition of BSA.

6.    RFP No. 4: No later than **July 1, 2026**, BSA must produce all communications to or from Mahoney and/or the Former Employees from March 1, 2020 through February 29, 2024, regarding BSA's application for, receipt of, and/or use of Paycheck Protection Program loans.

Mahoney's protective letter-motion (Dkt. 107) to seal Exhibit C to his discovery letter-motion (now under temporary seal at Dkt. 109-3) is DENIED. Mahoney made the motion solely

3

because BSA designated Exhibit C "confidential" pursuant to various stipulated agreements between the parties, and because "BSA confirmed it would like Mr. Mahoney to file Exhibit C under seal." (*See* Dkt. 107 at 1.) Pursuant to Moses Ind. Prac. § 3(e), it is BSA's obligation to show that sealing is in fact warranted under applicable standards. BSA never made that showing, and the time for it to do so has long passed. *See* Moses Ind. Prac. § 3(f). Consequently, Mahoney's sealing motion at Dkt. 107 is DENIED. The Court will unseal Dkt. 109-3 on June 8, 2026.

The Clerk of Court is respectfully directed to close the motions at Dkts. 107, 108, 109, and 113.

Dated: New York, New York  
      June 1, 2026

SO ORDERED.

**BARBARA MOSES**  
**United States Magistrate Judge**