**Littler Mendelson, P.C.**
900 Third Avenue
New York, New York 10022.3298

Miguel A. Lopez
Shareholder
212.471.4482 direct
212.583.9600 main
malopez@littler.com

October 5, 2026

**VIA ECF**

The Honorable Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Bay Street Advisors, LLC v. Kevin P. Mahoney* Case No. 24-cv-09139 (RA)

Dear Judge Abrams:

We write on behalf of Plaintiff/Counterclaim Defendant Bay Street Advisors, LLC ("BSA") in connection with BSA's Motion for Leave to Amend the Complaint ("Motion") and respectfully submit this letter pursuant to Rule 5(A)(iii)(c) of Your Honor's Individual Practices to explain the basis for filing certain materials under seal. BSA requests that the Court permit the unredacted version of the Motion, along with **Exhibits 1**, **2**, **4**, and **10** through **17** to the Declaration of Miguel A. Lopez ("Lopez Declaration") submitted in support of BSA's Motion, to remain under seal because they contain confidential, proprietary, and commercially sensitive business information, including information concerning BSA's clients, client relationships, candidate searches, business operations, proprietary methodologies, and alleged secrets.

The Motion, along with **Exhibits 1**, **2**, **4**, and **10** through **17** of the Lopez Declaration contain material that should be redacted when filed on the public docket. A three-step inquiry exists to determine whether particular documents should be withheld from public view. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Initially, the Court must determine whether the document in question is a "judicial document." A presumption of public access applies if the Court finds that the document is a judicial document. *Id.* at 119. Next, the Court "must determine the weight of that presumption." *Id.* Lastly, after determining the weight of the presumption of access, the Court must "balance competing considerations against it." Such "countervailing factors" include, among other things, "the privacy interests of those resisting disclosure." *Id.* at 120.

The basis for sealing the Motion along with **Exhibit 4** is that they contain excerpts from the deposition testimony of Kevin Mahoney. The exhibit identifies BSA clients, client contacts, candidate searches, and work performed on behalf of BSA clients. It therefore reflects confidential and proprietary business information, the public disclosure of which could harm BSA's business interests, provide competitors with access to sensitive commercial information, and undermine the confidentiality of BSA's client relationships. In addition, the deposition transcript was produced pursuant to the Protective Order and designated Confidential and/or Attorneys' Eyes Only by Mahoney.

The basis for sealing **Exhibits 1 and 2**, the proposed First Amended Complaint and redlined version thereof, is that they quote, summarize, and discuss the contents of **Exhibits 4** and **10** through **17**, discussed *supra* and *infra*. Accordingly, those exhibits contain the same confidential, proprietary, and commercially sensitive information reflected in the underlying exhibits, including information concerning BSA's clients, business operations, proprietary methodologies, and alleged trade secrets.

The basis for sealing **Exhibits 10** and **11** is that they consist of documents that contain nonpublic information concerning BSA's clients, client relationships, candidate searches, business-development efforts, compensation information, proprietary methodologies, internal operations, and trade secrets. Public disclosure of these materials would reveal confidential and commercially sensitive business information, provide competitors with access to proprietary information, and could cause significant competitive harm to BSA. In addition, these documents were produced pursuant to the Protective Order and designated Confidential and/or Attorneys' Eyes Only by counsel for Christoph Zeiss Partners, Inc. ("CZP").

The basis for sealing **Exhibits 12** through **17** is that they consist of documents nonpublic information concerning BSA's clients, client relationships, candidate searches, business-development efforts, compensation information, proprietary methodologies, internal operations, and trade secrets. Public disclosure of these materials would reveal confidential and commercially sensitive business information, provide competitors with access to proprietary information, and could cause significant competitive harm to BSA. In addition, these documents were produced pursuant to the Protective Order and designated Confidential and/or Attorneys' Eyes Only by counsel for Mahoney.

Accordingly, BSA respectfully requests leave to file the unredacted Motion and select exhibits under seal, with a redacted version of the Motion filed publicly on the docket.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/ Miguel A. Lopez

Miguel A. Lopez

cc: All Counsel of Record via ECF

Application denied without prejudice to refiling. The Court finds that the proposed sealing redactions are overbroad and inconsistent with *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and its progeny. To the extent that Plaintiff/Counterclaim Defendant seeks to refile a motion for leave to file under seal, it shall propose more narrowly tailored sealing consistent with *Lugosch*.

SO ORDERED.

Hon. Ronnie Abrams
October 6, 2026