USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 10/15/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAY STREET ADVISORS, LLC,
Plaintiff,
-against-
KEVIN P. MAHONEY,
Defendant.

24-CV-9139 (RA) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On October 5, 2026, plaintiff/counterclaim defendant Bay Street Advisors, LLC (BSA), an executive search firm, filed (i) a motion to amend its complaint, to add Christoph Zeiss Partners, Inc. (CZP), a competing executive search firm, as a defendant (Dkt. 176), together with supporting papers (Dkts. 177-180); and (ii) a sealing motion (Dkt. 175), seeking leave to seal substantial portions of its papers in support of the motion to amend, including approximately nine pages of its 31-page proposed First Amended Complaint (Proposed FAC). In accordance with Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions, BSA filed a complete copy of each document claimed to warrant sealing or redaction under temporary seal, and filed a redacted copy, or a slipsheet (indicating that the entire document was sealed) on the public docket. On October 6, 2026, the Hon. Ronnie Abrams, United States District Judge, denied the sealing motion, without prejudice to refiling a request for "more narrowly tailored sealing," explaining that the proposed redactions were "overbroad and inconsistent with *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and its progeny." Dkt. 181.

On October 8, 2026, defendant/counterclaim plaintiff Kevin P. Mahoney, whose departure from BSA for a new job at CZP gave rise to this litigation, filed a letter-motion (Mahoney Mot.) (Dkt. 182) requesting that the Court permit all of the temporarily-sealed documents to remain sealed, "because they contain confidential, nonpublic, commercially sensitive information related

to actual or potential BSA or CZP clients." Mahoney Mot. at 1. Also on October 8, 2026, BSA filed a letter-motion (Dkt. 183) (BSA Mot.) requesting that the Court permit most of the temporarily-sealed documents to remain sealed, "because they contain confidential, proprietary, and commercially sensitive business information, including information concerning BSA's clients, client relationships, candidate searches, business operations, proprietary methodologies, and trade secrets, or, alternatively, because the materials were designated Confidential and/or Attorneys' Eyes Only by counsel for Mahoney or counsel for [CZP]." BSA Mot. at 1. CZP has not taken a position with respect to whether any portion of BSA's motion papers should remain sealed. The renewed sealing motions come within the scope of my reference. *See* Dkt. 42. For the reasons that follow, the Court will permit some but not all of the documents in question to remain sealed.

The Proposed First Amended Complaint, which was submitted as Exhibit 1 (clean) and Exhibit 2 (redlined) to the Declaration of Miguel A. Lopez (Dkts. 178, 180) does not reveal any client-specific information of either BSA or CZP. Nor does it reveal any non-generic information about the business operations of either firm. The Court therefore agrees with BSA that the "summary information included in the [Proposed FAC] is not itself confidential and does not need to be sealed." BSA Mot. at 2. Moreover, the "weight of [the] presumption" in favor of public access to the docket is particularly "heavy," *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 470 (S.D.N.Y. 2017), "when a party seeks to seal a pleading, which is a 'core' judicial document." *Bronx Conservatory of Music, Inc. v. Kwoka*, 2021 WL 2850632, at *2 (S.D.N.Y. July 8, 2021) (quoting *Morgan Art Found. Ltd. v. McKenzie*, 2020 WL 1130699, at *2 (S.D.N.Y. Mar. 6, 2020)). Consequently, both versions of the Proposed SAC – clean and redlined – must be filed, unredacted, on the public docket.

Both BSA and Mahoney seek to keep Exhibits 4 and 10-17 to the Lopez Declaration under seal. *See* BSA Mot. at 2; Mahoney Mot. at 1. Exhibit 4 is a portion of Mr. Mahoney's deposition transcript (nine pages in total), most of which does not reveal any client-specific information or any non-generic information about the business operations of either BSA or CZP. Although every page is marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only," pursuant to the parties' stipulated protective order (Dkt. 34), it is well-settled that this is not grounds for keeping the designated information sealed if it does not otherwise meet the standards set out in *Lugosch* and its progeny. *See*, *e.g.*, *Republic of Turkey v. Christie's Inc.*, 425 F. Supp. 3d 204, 221 (S.D.N.Y. 2019) (mere fact that document was marked "confidential" during discovery does not establish that sealing is required); Moses Ind. Prac. § 3(e) ("[T]he designation of documents as 'confidential' for discovery purposes does not, without more, justify a sealing or redaction order."). Consequently, the exhibit may not be sealed in its entirety. However, the following pages and lines do appear to contain client-specific information, and may be redacted: 178:6-8, 17-19; 179:4; 255:10-11, 14, 24; 256:12; 257:3, 9-10, 17.

Exhibit 10 is a Search Status Report for a specific BSA client and may remain under seal.

Exhibit 11 is a March 21, 2024 email from Mahoney to various CZP personnel, discussing the creation of CZP marketing materials and attaching "an example pitch deck from BSA for you guys to consider." Dkt. 180-11 at ECF p. 2. The "example pitch deck," which is marked "Private & Confidential," *id*. at ECF p. 4, appears to have been created for a specific BSA client pitch in 2023. Exhibit 11 may remain under seal.

Exhibits 12 and 15 are emails from Mahoney to various CZP personnel, both dated in April 2024, attaching two additional BSA pitch decks, both of which are marked "Private &

Confidential," and appear to have been created for specific BSA client pitches. Dkt. 180-12 at ECF p. 3; Dkt. 180-15 at ECF p. 3. Exhibits 12 and 15 may remain under seal.

Exhibit 13 is an April 17, 2024 email from Mahoney to a CZP colleague attaching what appears to be a job listing for a senior position ("Head of Research") at BSA itself. The document is marked "Private & Confidential" and contains, among other things, a detailed description of the role and responsibilities of the BSA Head of Research, as well as summaries of the responsibilities of other BSA positions. Dkt. 180-13 at ECF pp. 3-7. Exhibit 13 may remain under seal.

Exhibit 14 is a May 6, 2024 email from Mahoney to a CZP colleague with multiple electronic attachments, none of which appears on the docket (even under seal) because each was "provided in native format." Dkt. 180-14 at ECF pp. 3-12. Because Exhibit 14 reveals only the names of these attachments (for example, "Family Offices – North America (08.16.2022).xlsx," *id*. at ECF p. 2) but not their contents, there is no reason for it to remain under seal. Exhibit 14 must be filed, unredacted, on the public docket.

Exhibit 16 is a string of emails among Mahoney and other CZP personnel, all dated April 15, 2024, attaching what appears to be a draft CZP pitch deck. According to an email from Eliza Denious of CZP to Mahoney and others, the "first few slides" in the deck "were Bay Street overview slides." Dkt. 180-16 at ECF p. 2. Exhibit 16 may remain under seal.

Exhibit 17 is an August 14, 2024 email from Mahoney to "All," discussing CZP's "action plan for getting our pitch decks in order." Dkt. 180-17 at ECF p. 2. The "action plan" itself is set out in the body of the email. In addition, Mahoney attached "some examples of things we've done in the past," *id*., including yet another BSA pitch deck, marked "Private & Confidential" and created for a specific BSA client pitch in 2021, *id.* at ECF p. 5; portions of other BSA pitch decks, *id*. at ECF pp. 4, 27-36, 39; a BSA Search Status Report for a specific BSA client (dated 2012),

*id.* at ECF pp. 40-45; and several documents "provided in native format," *id*. at ECF pp. 37-38, which consequently do not appear on the docket (even under seal). Because Exhibit 17 consists primarily of documents that warrant sealing, it may remain under seal.

Lastly, BSA and Mahoney request that the unredacted version of BSA's memorandum in support of its motion for leave to amend (Dkt. 179) remain under seal. BSA Mot. at 1; Mahoney Mot. at 1. The memorandum (like the Proposed SAC) does not (for the most part) reveal any client-specific information of either BSA or CZP or non-generic information about the business operations of either firm. However, it does reveal the name of two specific BSA clients on pages 8 and 9. With the exception of those two names – which may remain redacted – the unredacted memorandum must be refiled on the public docket.

For the reasons set forth above, the BSA and Mahoney letter-motions (Dkts. 182, 183) are GRANTED IN PART AND DENIED IN PART. BSA must refile its motion papers on the public docket, to the extent required by this Order, no later than **October 22, 2026**. When the parties file their opposition and reply papers with respect to the motion for leave to amend the complaint, the Court expects them to limit any associated sealing requests in accordance with the principles explained in this Order.

Dated: New York, New York
October 15, 2026

**SO ORDERED.**



**BARBARA MOSES**
**United States Magistrate Judge**